NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>DEBORAH MORROW,<br><br>            Debtor. | Case No. 08-13656-A-7 |
| DEBORAH MORROW,<br><br>           Plaintiff,<br><br>   v.<br><br>ERA HOME LOANS et al.,<br><br>           Defendants. | Adv. No. 18-1086-A |

Memorandum

Plaintiff Deborah Morrow ("Morrow") seeks an injunction precluding ERA Home Loans, PHH Mortgage and Ocwen (collectively "mortgage lender") from selling at Sheriff's sale her residence located at 2113 Main Street, Shade Gap, Pennsylvania. She contends an injunction should issue because (1) her successful objection to the mortgage lender's Proof of Claim voided the lender's lien against that property; and (2) the mortgage lender has violated her rights under applicable non-bankruptcy law, e.g., 15 U.S.C. § 1635 et. seq.

## I. FACTS

In 2007, Morrow purchased her residence in Shade Gap, Pennsylvania. As a part of that transaction Morrow executed a note and mortgage in favor of ERA Home Loans. Those instruments were purportedly transferred to PHH Mortgage and/or Ocwen.

Soon after closing escrow, she unsuccessfully attempted to exercise her rescission rights, 15 U.S.C. § 1635 et. seq.

In 2008, she filed chapter 7 bankruptcy, listing the Shade Gap property. As a part of that bankruptcy, PHH Mortgage filed a secured Proof of Claim. Morrow objected to it. Finding that PHH Mortgage had not proven that it was the assignee of the note and mortgage, this court sustained Morrow's objection. Tr. Hr'g on Obj. to Claim at 4:21-6:10, October 26, 2010, ECF # 225.

In 2008, Morrow received her discharge and in 2012 the case closed.

In 2010, PHH Mortgage filed an action in state court seeking to judicially foreclose its mortgage. It has since prevailed and now has noticed a Sheriff's sale of the Shade Gap property.

## II. PROCEDURE

Morrow filed an adversary proceeding, citing the invalidity of

2

the mortgage lender's lien, 11 U.S.C § 506(d) and violations of applicable non-bankruptcy law. She prays a temporary restraining order, preliminary injunction and permanent injunction precluding the Sheriff's sale of her residence.

**III. DISCUSSION**

Bankruptcy jurisdiction extends to cases and to proceedings "arising under," "arising in" or "related to" cases under title 11. 28 U.S.C. § 1334(a),(b). Proceedings "arising under" title 11 "involve a cause of action created or determined by a statutory provision of title 11." *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 (9th Cir. 2009). "A civil proceeding 'arises in' a Title 11 case when it is not created or determined by the bankruptcy code, but where it would have no existence outside of a bankruptcy case." *Harris v. Wittman (In re Harris)*, 590 F.3d 730, 737 (9th Cir. 2009) (citation omitted). The test for determining "related to" jurisdiction is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Fietz v. Great W. Sav. (In re Fietz)*, 852 F.2d 455, 457 (9th Cir. 1988) (emphasis omitted) (citation omitted) (internal quotation marks omitted). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

Neither the stay, 11 U.S.C. § 362(a), nor the discharge injunction, 11 U.S.C. § 524(a), provide a basis for bankruptcy jurisdiction. The stay that protects the debtor evaporated in 2008, when the debtor received her discharge. 11 U.S.C. § 362(c)(2)(C).

3

1  The discharge injunction continues in full force and effect but
2  does not preclude a creditor from pursuing in rem collection actions,
3  such as foreclosure.  *In re Echevarria*, 212 B.R. 185, 187 (1st Cir.
4  BAP 1997); *Matter of Paeplow*, 972 F.2d 730, 735 (7th Cir. 1992).

5  Moreover, Morrow's successful claims objection did not void the
6  mortgage lender's lien.  11 U.S.C. § 506(d); *Bank of New York Mellon
7  v. Lane (In re Lane)*, 2018 WL 4560912 * 5-9 (9th Cir. BAP September
8  19, 2018) (limiting the reach of § 506(d) to where the claims
9  objection successfully attacked the validity of the underlying loan).
10 Here, the court specifically limited its ruling to the creditor's
11 failure to demonstrate that it held the rights to the note and/or
12 mortgage.  As a result, neither arising under, nor arising in.
13 jurisdiction exits.

14 Finally, "related to jurisdiction" does not exist.  The case long
15 since closed and the estate's interest in the Shade Gap property
16 relinquished, neither the alleged violations, nor loss of the property
17 to foreclosure can impact the estate.  As a consequence, the motion
18 must be denied, and the adversary proceeding dismissed. Fed. R. Civ.
19 P. 12(h)(3), *incorporated by* Fed. R. Bankr. P. 7012(b).

20 **IV.   CONCLUSION**

21 The motion for temporary restraining order and preliminary
22 injunction will be denied and, finding a want of jurisdiction, the
23 adversary proceeding will be dismissed.  The court will issue an order
24 from chambers.

25 Dated: December 11, 2018

_____
Fredrick E. Clement
United States Bankruptcy Judge

4

Instructions to Clerk of Court
Service List

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked __X__, via the U.S. mail.

    Debtor(s), Attorney for the Debtor(s), Bankruptcy Trustee (if appointed in the case), and ___X_____ Other Persons Specified Below:

Deborah Jane Morrow
P. O. Box 263
Shade Gap, PA 17256

Deborah Jane Morrow
21113 Main St.
Shade Gap, PA 17255

Deborah Morrow
17730 Bold Venture Drive
Stallion Springs, CA 93561

George N. Zanic, Judge
Huntingdon Court of Common Pleas
Huntingdon County Courthouse
Huntingdon, PA 16652

Mario J. Hanyon, Esq.
Phelan Hallinan Diamond & Jones
400 Fellowship Rd, #100
Mt. Laurel, NJ 08054

Josh Shapiro, Attorney General
Strawberry Square
Harrisburg, PA 17120

Xavier Becerra, Attorney General
1300 "I" Street
Sacramento, CA 95814-2919

ERA Home Loans
3000 Leadenhall Road
Mount Laurel, NJ 08054

PHH Mortgage
1 Mortgage Way
Mount Laurel, NJ 08054

```
PHH U.S. Mortgage Corporation
3000 Leadenhall Road
Mount Laurel, NJ 08054

Cendant Corporation
3001 Leadenhall Road
Mount Laurel, NJ 08054

Cendant Corporation
3001 Leadenhall Road
Mount Laurel, NJ 08054
```